# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

DOREENA ARRIOLA,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. ED CV 08-00249-VBK

MEMORANDUM OPINION AND ORDER

(Social Security Case)

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.

Plaintiff states the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly considered significant longitudinal evidence that documents a functionally limiting mental disorder;
2. Whether the ALJ properly considered the psychiatric evaluation of Dr. Henry Khin;
3. Whether the ALJ properly considered the psychiatric evaluation of Dr. Romeo Villar;
4. Whether the ALJ misrepresented the record and properly considered Dr. Villar's medical report opinion of disability;
5. Whether the ALJ complied with Social Security Ruling ("SSR") 96-7p, regarding type, dosage, effectiveness and side effects of medication;
6. Whether the ALJ properly considered the treating clinician's evaluation;
7. Whether the ALJ should have allowed Plaintiff's counsel to pose a complete hypothetical question to the vocational expert ("VE"); and
8. Whether the ALJ posed a complete hypothetical question to the VE.

**I**

**THE ALJ DID NOT IMPROPERLY FAIL TO EVALUATE LONGITUDINAL EVIDENCE REGARDING PLAINTIFF'S MENTAL DISORDER**

Plaintiff asserts that a Discharge Summary from San Bernardino County Department of Mental Health ("SBCDMH") of May 23, 1994 indicates she has a history of depression, crying spells and feelings

of abandonment and social isolation. (JS at 3, citing AR 271.) Plaintiff also objects to the ALJ's failure to consider her Global Assessment of Functioning ("GAF") score of 46 as reported in the 1994 Discharge Summary. (Id.)

As the Commissioner has noted, a prior claim filed by Plaintiff in which she alleged mental problems was administratively denied in December 2004 due to insufficient evidence. (JS at 5, et seq., AR 391.) In addition, there is a notation of a prior denial of a claim through an ALJ decision in 1995. (Id.) The Court agrees with the Commissioner's contention that the ALJ was not required to address the 1994 medical evidence with regard to his consideration of the present claim, which Plaintiff filed in November 2005. As the parties agree, SSI entitlement begins no earlier than the month in which an application is filed. (See 20 C.F.R. §416.335.) In any event, the ALJ's decision here does reflect substantial consideration of Plaintiff's longitudinal mental health history. (See AR at 15, 16.)

Discussion of GAF scores is in the next section.

**II**

**THE ALJ PROPERLY CONSIDERED THE PSYCHIATRIC EVALUATION OF DR. KHIN**

Dr. Henry Khin of the San Bernardino County Department of Behavioral Health, completed a mental status form, which included check-off boxes, on November 8, 2005. (AR 344-347.) Plaintiff notes that Dr. Khin indicated she had rapid speech, depressed mood and visual hallucinations. (Id.) He diagnosed Plaintiff with bipolar disorder, NOS, and a GAF rating of 45. (Id.) Plaintiff asserts the ALJ failed to consider Dr. Khin's findings.

Contrary to Plaintiff's assertion, the ALJ did consider Dr.

Khin's November 8, 2005 evaluation. (See AR at 11.) The ALJ discounted Dr. Khin's findings because he instead relied upon the testimony of Dr. Glassmire, the medical expert ("ME"), who testified that Dr. Khin's conclusion that Plaintiff suffered from bipolar syndrome with polysubstance and alcohol dependence is undermined by the fact that Plaintiff presently was in sustained remission. (See JS at 11, AR at 31.)

With regard to Plaintiff's assertion that the ALJ failed, in particular, to consider Dr. Khin's assessment of her GAF, this Court has often and consistently opined that the GAF score is largely irrelevant to the determination of an individual's ability to function in an occupation.

The GAF scale is intended to reflect a person's overall level of functioning at or about the time of the examination, not for a period of at least 12 consecutive months, which is required for a finding of impairment or disability. (See 20 C.F.R. §§416.905, 416.920(c)(2006).)

GAF scores are intended to be used for clinical diagnosis and treatment, and do not directly correlate to the severity assessment set forth in Social Security regulations. (See Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000), and American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, Text Revision 33 (4th Ed. 2000).

**III**

**THE ALJ PROPERLY CONSIDERED THE EVALUATION OF DR. VILLAR**

Dr. Villar, of San Bernardino County Department of Behavioral Health, conducted a psychiatric evaluation of Plaintiff on June 8,

2007. (AR 401.) Dr. Villar diagnosed Plaintiff with bipolar disorder, Type I, with psychotic features. On July 25, 2007, he provided the identical diagnosis, and opined that Plaintiff was incapable of any work. (AR 393.) Plaintiff asserts that the ALJ failed to consider the mental status findings of Dr. Villar. (JS at 10.)

Initially, the Court notes that the ALJ determined that Plaintiff's severe impairment consists of bipolar syndrome with psychotic features, which is exactly the same as Dr. Villar's diagnosis. Plaintiff's apparent complaint, therefore, is that the ALJ ignored the opinion of Dr. Villar that Plaintiff is unable to work as a result of this diagnosis. But, as the ALJ noted in his decision, at the time Dr. Villar rendered his opinion regarding Plaintiff's inability to work, he had only seen her three times. Moreover, as the ALJ noted, Dr. Villar had also assessed recent improvement in Plaintiff's condition, which included the absence of hallucinations. (See AR at 399-402, and 15-16.) Indeed, the ALJ specifically and correctly cited Social Security regulations embodied in 20 C.F.R. §§404.1527 and 416.927, in addition to SSR 96-5p, all of which unambiguously instruct that the determination of a claimant's residual functional capacity ("RFC"), or the application of vocational factors is the final responsibility of the Commissioner. Thus, the Court rejects Plaintiff's apparent approach, which is that when an ALJ disagrees with the ultimate opinion on disability expressed by a physician, even a treating physician, that constitutes a disregard of the opinion of the treating physician. Rather, the ALJ must, in all cases, identify the medical evidence upon which he relies in making a functional assessment. The opinion of a treating physician is not, of course, necessarily determinative on the disability issue. See, e.g.,

Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In this case, in addition, the ALJ relied upon the testimony and opinion of the ME, Dr. Glassmire, which was supported by substantial, independent evidence.

The above discussion is also applicable to the Court's rejection of Plaintiff's fourth issue, which is that the ALJ misrepresented the record and improperly failed to consider Dr. Villar's medical report opinion of disability. (See JS at 13, et seq.)

Plaintiff also objects because the ALJ appeared to assess bias on the part of Dr. Villar, charging that he "prepared [the medical report] for the express purpose of enabling the [Plaintiff] to obtain transitional assistance." (AR 15.) The Court agrees that there is nothing in the record which would appear to support that assertion; nevertheless, any error is deemed to be harmless, because the ALJ's remaining assessment of the weight to be given to Dr. Villar's opinion is supported by substantial evidence. (e.g., the fact that he had only met with Plaintiff on three brief occasions prior to preparing his medical report, and that he also reported Plaintiff to be improved and without hallucinations.)

**IV**

**THE ALJ DID NOT FAIL TO CONSIDER SIDE EFFECTS OF MEDICATION**

Plaintiff notes that one of her treating physicians, Dr. Villar, at one point increased the dosage of Seroquel (JS at 17, AR 395). Plaintiff complains that the ALJ failed to consider evidence of side effects of Seroquel, and cites a drug textbook which indicates possible side effects of this medication. (AR 17.) As such, Plaintiff

asserts the ALJ failed to adhere to the requirements of SSR 96-7p, which requires that such side effects be considered.

Plaintiff's argument only goes so far. While there is evidence in the record that she was prescribed Seroquel, there is absolutely no evidence that it led to any side effects whatsoever. In fact, Plaintiff specifically denied side effects from any medication after a medical evaluation on November 10, 2005. (AR 350.) Further, at the hearing before the ALJ, Plaintiff testified in the past she stopped taking a prescribed medication because her purse was stolen. (AR 25-26.)

It is Plaintiff's burden to demonstrate that she has disabling conditions. Thus, it would be the ALJ's obligation to consider side effects of medication if, for example, the medical records documented this, or if Plaintiff substantially raised complaints about such side effects. Neither situation exists in this case. What Plaintiff essentially postulates is that any time a claimant is on medication, it is the Commissioner's responsibility to investigate whether any possible side effects of medications taken by the claimant have been manifested. The Court finds that the Commissioner is under no such obligation, and that Plaintiff's argument is, therefore, without merit.

**V**

**THE ALJ DID NOT FAIL TO PROPERLY CONSIDER THE TREATING CLINICIAN'S EVALUATION**

In her sixth issue, Plaintiff asserts that the ALJ failed to consider the July 30, 2001 evaluation of Holli Prince, licensed clinical social worker of the San Bernardino County Department of

Behavioral Health, that Plaintiff has tangential and flight of idea thought processing. (JS at 20, AR at 323.) Plaintiff acknowledges that Ms. Prince is not a physician or otherwise considered to be an "acceptable" medical source pursuant to 20 C.F.R. §416.913(a). (JS at 20.) Again, Plaintiff ignores the fact that the 2001 report of Ms. Prince was issued four years prior to the SSI application which is at issue in this case. As noted with regard to Plaintiff's claim concerning her 1994 medical evaluation, Plaintiff's 2004 SSI claim, which was denied in that year, is res judicata regarding the issue of disability through December 2004, when it was denied. Plaintiff's argument is without merit.

**VI**

**THE ALJ DID NOT FAIL TO PERMIT A COMPLETE HYPOTHETICAL QUESTION TO THE VE**

Plaintiff notes that at the hearing, the ALJ posed a question to the VE which incorporated moderate limitations in ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. In the hypothetical, the ALJ defined "moderate" as more than a slight limitation in the area. (AR 37-38.) Thereafter, the ALJ disallowed the attempt by Plaintiff's counsel to amend the word "moderate" to be defined as "significant" limitations. (AR 38.) The ALJ indicated that,

> "If you want to say she has significant limitations that are in the marked area, more extreme, et cetera, you may do so. But you may not change the definition of moderate without a legal factual basis for changing it."

(AR 38-39.)

In response, the attorney indicated, "Okay. No further questions." (AR 39.)

While Plaintiff claims that the ALJ made an arbitrary attempt to change the definition of the word "moderate," the fact is that the hypothetical question posed by the ALJ to the VE was based upon the limitations set forth in Dr. Glassmire's testimony (AR 32), which was accepted by the ALJ. The ALJ's definition of the term "moderate" is referenced in the 2006 edition of SSA Form HA-1152, which defines that term as, "There is more than a slight limitation in this area but the individual is still able to function satisfactorily."

The ALJ's disallowance of a hypothetical question which would have changed the accepted meaning of the term "moderate" was not error. Plaintiff's counsel was unable to identify any legal support for his own proposed definition of the term. The Court cannot find any error in the ALJ's determination at the hearing to prohibit a hypothetical question based on this unsubstantiated definition.

## VII

## THE ALJ POSED A COMPLETE HYPOTHETICAL QUESTION TO THE VE

Plaintiff asserts that at the hearing, the ALJ's hypothetical to the VE did not include GAF scores of 45, 46 and 47, which Plaintiff had previously received during various evaluations. The Court again incorporates its prior discussion regarding the lack of relevance of a GAF in determining occupational suitability, and the ability to work. Indeed, the injection of GAF scores into a hypothetical question would have rendered any answer ambiguous. The Court finds no error in the ALJ's failure to include GAF questions in the hypothetical posed to the VE.

For the foregoing reasons, the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: November 14, 2008

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE